tated to find as a matter of fact that a receivership thus collusively obtained would have been continued by any court. I am not embarrassed by any such considerations of delicacy here, for it is charged in the petition and admitted by the demurrer, that the receiver was appointed on the application of the corporation, and for the purpose of putting its property temporarily beyond the reach of its creditors on execution.

I prefer, however, to place the liability of the company upon the other ground. The liability of the company being found to exist independently of the conditions presented by the United States circuit court in its order directing the surrender of the property to the the company, we need not inquire what is the proper meaning of the terms, "debt and obligation" therein employed.

Nor need we inquire whether it was the intention by that order of the court to relieve the company of all liability for claims except such as after being presented are adjudged by that court to be proper and valid debts and obligations of the receivers.

If such was the intention, the court was without jurisdiction to make the order. The right of the plaintiff does not rest upon the order of the United States court, nor can that court by a decree in a case to which the plaintiff was not a party, take away from him the right to seek his remedy in any court of competent jurisdiction.

Such was the holding of the supreme court of the United States in Railway v. Johnson, 151 U. S., 82.

The demurrer will therefore be overruled.

---

(Highland County Common Pleas.)
March 16, 1900.
THE LYLE PRINTING CO v. THE COMMISSIONERS OF HIGHLAND COUNTY.

(1). Under sec. 1264, R. S., which provides that "the county commissioners shall furnish to the clerk all blank books, stationery, etc., which articles the clerk may procure and shall be allowed for upon his certificate," all the clerk has power to do is to select such books and supplies as he may need; and that after his selection the bill shall be allowed for upon his certificate, in the discretion of the board of county commissioners as to the amount to be paid therefor, and as to whether the different articles are necessary to the prompt discharge of his duties.

(2). Under sec. 2834-6, R. S., the county commissioners can not make a valid contract for such supplies until the county auditor has certified that the money required for the payment of the obligation, arising from the contract, is in the treasury to the credit of the fund upon which it is to be drawn, or that the tax has been levied and placed on the duplicate, and is in process of collection. and not appropriated for any other purpose.

---

WALTERS, J.

This case presents to the court questions as to the proper construction to be given to several sections of the statute as to the right of the commissioners to allow and pay out of the county treasury bills growing out of contracts entered into by the several county officers for supplies, stationery, etc.

The bills for supplies in the several cases were procured by the several respective county officers for their use, and it is admitted that they are necessary for the proper conduct of their offices; but it is contended that these officers had no right to incur these bills; that it is the duty of the county commissioners to make all contracts for the purchase of supplies for each of the different offices, and that it was necessary before such contract is binding, and before the commissioners are authorized to direct the auditor to draw his warrant upon the county treasurer, that the auditor shall have certified under sec. 2834b, Rev. Stat., that the money required for the payment of such obligation, arising from the contract, is in the treasury to the credit of the fund upon which it is to be drawn, or that the tax has been levied and placed on the duplicate, and is in process of collection, and not appropriated for any other purpose.

As to the county clerk's bill, the sec. 1264, Rev. Stat., has given the clerk larger authority in the purchase of supplies than any other county officer, and a disposition of the power of the clerk under that section will probably furnish a rule for an easy solution in respect to the other officers.

It is provided in that section that the county commissioners shall furnish to the clerk all blank books, stationery, etc. which articles the clerk may procure and shall be allowed for upon his certificate.

In Ohio v. McConnell, 28 Ohio St., 589, the court had there under consideration the construction of this statute as it then existed, and it declared that the clerk was not authorized by this statute to fix conclusively the amounts which shall be paid by the county for blanks or other things necessary to the prompt discharge of the duties of the officer. The statute then under consideration contained the words, "and paid for," immediately following the word "allowed," and that part of the section then read "and shall be allowed and

paid for upon his certificate." Since that decision the words "and paid for," have been dropped from the statute, apparently in conformity to that decision. And it would seem clear, those words being dropped, and from the language used by the supreme court, that now the clerk has less power, and that in reality all the clerk has power to do under this section is to select such books and supplies as he may need; that is, procure them, but the county commissioners shall furnish; and that after his selection the bill shall be allowed for upon his certificate in the discretion of the board of county commissioners as to the amount to be paid therefor, and also, in the language of the statute, as to whether the different articles are necessary to the prompt discharge of his duties. In other words, there is no binding obligation when the clerk procures these supplies until the bill is allowed by the commissioners, and when so allowed, it becomes a binding contract on the part of the county, provided sec. 2834b, Rev. Stat., has been complied with; and it would seem to the court plain, that if the bill shall be allowed by the county commissioners, and it then becomes necessary to appropriate the money for the payment of such supplies under the contract thus made binding, that that section should be complied with before a recovery can be had. The provisions of the section are sweeping, and the only exception is contained in sec. 894, Rev. Stat., where it is provided that no bill against the county shall be paid otherwise than upon the allowance of the county commissioners upon the warrant of the county auditor, except where the amount is fixed by law, or is authorized to be fixed by some other person or tribunal. And the supreme court have said the clerk is not authorized to fix the amount due for supplies he may procure; and therefore sec. 2834-B, Rev. Stat., would apply to the clerk as well as to all other county officers.

The circuit court, in State ex rel. Fanning v. Com'rs Cuyahoga Co. 19 C. C., 627, has decided that the provisions of that section are mandatory.

Section 2834b, Rev. Stat., as well as the section on the same subject with reference to municipalities, have each and both the object of rendering more effective the economical administration of the affairs of the respective officers, and the prevention of improvident contracts being entered into, and the statute made applicable to Cuyahoga county emphasizes this principle by requiring that the county officers on the first day of March of each year shall make out a list of office supplies and furnish the same to the county commissioners who will then advertise for bids for such material.

An entry will be furnished in conformity to this opinion.

H. A. Pavey, for Plaintiff.

Oliver N. Sams, Prosecuting Attorney, for Defendant.